IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B & H MANUFACTURING COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> LYN E. BRIGHT, ByH DE LAS AMERICAS, S.A. de C.V., and DOES 1 THROUGH 10, inclusive, <br><br> Defendants. | CV F 01-6619 AWI SMS <br><br> ORDER DENYING MOTION TO ALTER AND AMEND JUDGMENT, MOTION FOR JUDGMENT AS A MATTER OF LAW, AND MOTION FOR A NEW TRIAL <br><br> (Document #592) |

    In the third amended complaint, filed on February 19, 2004, Plaintiff raised four causes of action: (1) False Designations of Origin and False Descriptions in violation of 15 U.S.C. § 1125(a); (2) Dilution in violation of 15 U.S.C. § 1125(c); (3) Infringement of Registered Trademarks in violation of 15 U.S.C. § 1114; and (4) Breach of Fiduciary Duty.  After a jury trial, on October 8, 2004, the jury returned a verdict for Plaintiff.  Pursuant to the verdict form, the jury awarded Plaintiff $145,000 for Defendant Bright's breach of fiduciary duty, $501,500 for Defendants' trademark infringement, $105,000 for Defendants' dilution, and $100,000 for Defendants' trade dress infringement.   On February 17, 2005, the court denied Plaintiff's request for additional monetary relief pursuant to 15 U.S.C. § 1117(a) and 15 U.S.C. § 1117(b). Pending before the court is Plaintiff's motion to alter and amend judgment, motion for judgment as a matter of law, and motion for a new trial.   Specifically, Plaintiff contends that the court

erred in denying monetary relief pursuant to 15 U.S.C. § 1117(a) and 15 U.S.C. § 1117 (b). Plaintiff argues the court erred in finding no counterfeiting claim was tried. Plaintiff also argues the court erred in finding Plaintiff was not entitled to additional monetary relief pursuant to 15 U.S.C. § 1117(a). In the alternative, Plaintiff requests the court grant judgment as a matter of law on a counterfeiting claim or a new trial.

**DISCUSSION**

**A. Motion to Amend or Alter Judgment**

The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988). Nor is reconsideration to be used to ask the court to rethink what it has already thought. United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Pursuant to Rule 59(e), any motion to alter or amend judgment shall be filed no later than ten days after entry of judgment. Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir.2000). Amendment or alteration

is appropriate under Rule 59(e) if: (1) The district court is presented with newly-discovered evidence; (2) The district court committed clear error or made an initial decision that was manifestly unjust; or (3) There is an intervening change in controlling law. Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001); School Dist. No. 1J Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). This showing is a "high hurdle." Weeks v. Bayer, 246 F.3d 1231, 1236 (9th Cir. 2001). A judgment is not properly reopened "absent highly unusual circumstances." Id. A district court's denial of a motion for a new trial or to amend a judgment pursuant to Federal Rule of Civil Procedure 59 is reviewed for an abuse of discretion. Far Out Productions, Inc. v. Oskar, 247 F.3d 986, 992 (9th Cir. 2001). A district court abuses its discretion when it bases its decision on an erroneous view of the law or a clearly erroneous assessment of the facts. Coughlin v. Tailhook Ass'n, 112 F.3d 1052, 1055 (9th Cir. 1997).

Plaintiff previously requested the court treble damages on the damage award for all of the trademark causes of action. Specifically, Plaintiff requested treble damages under Section 1117 because Defendants' conduct was intentional. The court previously found that treble damages were not appropriate pursuant to Section 1117(b) because no counterfeiting claim had been tried and not appropriate pursuant to Section1117(a) because Plaintiff had been adequately compensated. In the current motion, Plaintiff requests the court amend judgment to allow for treble damages under both Section 1117(b) and Section 1117(a).

The court finds that Plaintiff has not shown the unusual circumstances necessary for the court to amend its judgment and find a counterfeiting claim was before the court, allowing treble damages. Plaintiff clearly disagrees with the court's findings in the February 17, 2005 order. However, Plaintiff's present motion is essentially an attempt to re-litigate the issue of whether a counterfeiting claim was before the court. Plaintiff cites no new evidence. Plaintiff points to no intervening change in the law. Plaintiff has made no showing that the court's order was manifestly unjust. Instead, Plaintiff has made a series of arguments that were already raised, or could have been raised, prior to the entry of judgment. As such, Plaintiff's motion pursuant to

Rule 59(e) must be denied.

Treble damages pursuant to Section 1117(b) are only available for a counterfeiting claim. Nothing in Plaintiff's motion causes the court to believe it committed injustice by finding a counterfeiting claim was never tried. As discussed in the prior order, Plaintiff's pretrial statement, the representations made by the parties during trial, and the court's understanding of the claims before it did not include a counterfeiting claim. In its motion, Plaintiff points out that the passages and statements the court cited when finding no counterfeiting claim was before the court are not inconsistent with Plaintiff's understanding that such a claim was before the court. While in hindsight one can argue for several meanings to be given to the cited statements, the court finds of primary significance is what this court understood were the claims being tried. During the trial, the court never understood a counterfeiting claim was before the court. Because it was Plaintiff's burden to put the court on notice of its claims, the price for the ambiguity ultimately falls at Plaintiffs feet.

Plaintiff spends considerable time in its brief disputing the court's finding that the jury verdict was not a special verdict. While nothing in Plaintiff's brief convinces the court that the verdict form was a special verdict form within the meaning of Rule 49(a), the court did allow for the possibility that the issue of damages pursuant to Section 1117 was presented to the jury by special verdict.

> Preliminarily, the court recognizes that if the parties agreed that the court would decide all Section 1117 issues, including whether Defendants counterfeited Plaintiff's marks, Rule 49(a) would come into play. While the verdict was primarily a general verdict, the jury was asked a specific question regarding damages under Section 1117. The jury was asked whether Defendants' conduct was intentional. The jury was not asked to apply this factual finding to the law to determine whether trebling damages under Section 1117 were appropriate. Rather, the parties and the court agreed the court would take this factual finding and apply Section 1117. Such a factual question appears to be a special verdict. If the parties and the court agreed that the court would decide all issues relating to Section 1117 and the jury would only make factual findings concerning Section 1117, then Rule 49(a) would allow the court to make any factual findings not deciding by the jury, such as whether Defendants counterfeited Plaintiff's marks and the damages for such counterfeiting.

Even finding all Section 1117(b) issues were submitted as a special verdict, nothing in Plaintiff's motion convinces the court that the court should find a counterfeiting claim was ever before the court. Rule 49(a) does not speak to claims for relief or causes of action that were not submitted to the jury. The court did not find, and because nothing in Plaintiff's brief convinces the court it erred, the court continues to not find that Plaintiff's references to Section 1117(b) were sufficient to have raised a counterfeiting claim. In its brief, Plaintiff appears to imply that Defendants and the court somehow colluded to mislead Plaintiff about Section 1117(b) and Plaintiff's counterfeiting claim. It is unclear what Defendants believed when they read and heard references to Section 1117(b). Regardless of Defendants' intent and motives, the court did not understand Plaintiff's references to Section 1117(b) to mean that Plaintiff was raising a counterfeiting claim. It was Plaintiff's burden, at some point, to have discussed counterfeiting elements and definitions, mentioned the need for findings on a counterfeiting claim, and informed the court that in deciding whether to treble damages under Section 1117(b) the court would need to determine whether Defendants counterfeited Plaintiff's marks and the amount of damages Plaintiff sustained. If the court had understood that a counterfeiting claim was at issue by Plaintiff's references to Section 1117(b), the court would have discussed submitting this claim to the jury. Nothing in Plaintiff's motion convinces the court that it erred in finding that Defendants did not waive the right to have the jury instructed on counterfeiting because it was Plaintiff's obligation to preserve, present, and pursue its claims.[1]

---

[1] In its motion, Plaintiff points out that the court did not list Plaintiff's claims in its Pretrial Order. Plaintiff appears to argue that by not issuing a Pretrial Order containing Plaintiff's claims, Plaintiff was misled by the court about the claims before the court. A motion for reconsideration is not the proper avenue for raising legal theories that could have been, but were not, raised before the court issued the order for which reconsideration is sought. Rosenfeld v. United States Dep't of Justice, 57 F.3d 803, 811 (9th Cir.1995); In re Agric. Research & Tech. Group, Inc., 916 F.2d 528, 542 (9th Cir.1990). In addition, a Pretrial Order listing Plaintiff's claims would not change the result. In such an order, the court would have copied Plaintiff's recitation of the claims before the court from Plaintiff's pretrial statement. In copying Plaintiff's pretrial statement, the court would have referenced a remedy under Section 1117(b) but not mentioned a counterfeiting claim. This would leave the court in the same position that it found itself; A remedy requiring a counterfeiting claim, but no counterfeiting claim. In this situation, the court would do exactly what it has done and find no remedy available because no

1   In its motion, Plaintiff also objects to the court's refusal to treble damages pursuant to
2   Section 1117(a).  As discussed in the prior order, awarding additional damages under Section
3   1117(a) is not automatic, even in the case of intentional conduct.  The court can only award
4   additional damages if the court finds the jury's verdict did not adequately compensate Plaintiff.
5   Plaintiff has not shown legal authority that the court must enhance damages pursuant to Section
6   1117(a) if the jury's verdict adequately compensated the plaintiff even where the defendants'
7   actions were intentional.  See Lindy Pen Co., Inc. v. Bic Pen Corp., 982 F.2d 1400, 1407 (9th Cir.
8   1993) ("To award profits in this situation would amount to a punishment in violation of the
9   Lanham Act which clearly stipulates that a remedy 'shall constitute compensation not a penalty.'
10  15 U.S.C. § 1117(a).").   Nothing in Plaintiff's brief convinces the court that the court erred in
11  finding the jury's verdict adequately compensated Plaintiff.  Thus, an amendment to the
12  judgment is not required.

13  **B. Motion for Judgment as a Matter of Law**

14  Plaintiff seeks judgment as a matter of law on a counterfeiting claim.  Plaintiff contends
15  that because it pled and preserved this issue and because the evidence supports a counterfeiting
16  claim, the court should grant judgment as a matter of law on a counterfeiting claim.

17  The court may enter a judgment as a matter of law if there is no legally sufficient
18  evidentiary basis for a reasonable jury to find for a party on an issue.   Fed.R.Civ.P. 50(a). In the
19  Ninth Circuit, judgment as a matter of law is appropriate when "the evidence, construed in the
20  light most favorable to the nonmoving party, permits only one reasonable conclusion, and that
21  conclusion is contrary to that of the jury."  White v. Ford Motor Co.,  312 F.3d 998, 1010 (9th
22  Cir. 2002);  Omega Envt'l, Inc. v. Gilbarco, Inc., 127 F.3d 1157, 1161 (9th Cir.1997).

23  Judgement as a matter of law is not appropriate because Plaintiff never asked for
24  judgment as a mater of law on a counterfeiting claim at the close of the evidence.  Federal Rule

---

counterfeiting claim was before the court.

28                                      6

of Civil Procedure 50 requires that a motion for a directed verdict be made at the close of all the evidence in order to be renewed following entry of judgment. Zhang v. American Gem Seafoods, Inc., 339 F.3d 1020, 1029 (9th Cir. 2003); Janes v. Wal-Mart Stores, Inc., 279 F.3d 883, 886-87 (9th Cir. 2002). "By definition, a Rule 50(b) motion is a renewal of a prior Rule 50(a) motion made at the close of evidence and as such is limited to those issues raised in the previous motion." Andreas v. Volkswagen of America, Inc., 336 F.3d 789, 794 (8th Cir. 2003). A renewed motion on a ground not specifically raised in an earlier motion is barred. Doctor's Assocs., Inc. v. Weible, 92 F.3d 108, 112 (2nd Cir. 1996).

The court does note that technical precision is not necessary in stating grounds for a motion as a matter of law at the close of the evidence so long as the trial court is aware of the movant's position. Walsh v. National Computer Systems, Inc., 332 F.3d 1150, 1158 (8th Cir. 2003). In this case, the court was not aware that Plaintiff believed it was trying a counterfeiting claim. Similarly, the court was not aware that Plaintiff's position was that judgment as a matter of law was appropriate on a counterfeiting claim. Thus, judgment as a matter of law is not appropriate at this time because Plaintiff never requested judgment at the close of the evidence.

Further, the court finds that no counterfeiting claim was ever tried. The court cannot enter judgment as a matter of law on a claim that was not tried.

**C. New Trial**

Plaintiff moves for a new trial on a counterfeiting claim. Rule 59(a) provides that: "[A] new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." A district court's denial of a motion for a new trial pursuant to Rule 59 is reviewed for an abuse of discretion. Far Out Productions, 247 F.3d at 992.

As discussed above and in the court's prior order, the court finds that no counterfeiting claim was tried, and Plaintiff tried only a general trademark claim. This finding precludes the

court from allowing a new trial on something that was not tried in the prior trial.

In addition, Plaintiff is only requesting a new trial on one issue. Courts have broad discretion to grant new trials on all or only some issues. Gasoline Prods. Co. v. Champlin Refining Co., 283 U.S. 494, 500 (1931); Hasbrouck v. Texaco, 663 F.2d 930, 933 (9th Cir. 1981). The items to be retried must be distinct and separable from the issues not to be retried. Hasbrouck, 663 F.2d at 933. "Partial trials 'may not properly be resorted to unless it clearly appears that the issue to be retried is so distinct and separable from others that a trial of it alone may be had without injustice.'" Pumphrey v. K.W. Thompson Tool Co., 62 F.3d 1128, 1133-34 (9th Cir. 1995) (quoting Gasoline Products Co., 283 U.S. at 500)). While the court previously found that a counterfeiting claim is distinct from the infringement claim Plaintiff tried, the elements for the two claims partially overlap. It is possible that some of the damages for infringement could also be damages for counterfeiting. The trademark issues in this action are so interwoven that a new trial on all trademark issues would be warranted if the court allowed a new trial on counterfeiting. Thus, a partial new trial on a counterfeiting claim that was not tried in the first trial is not justified.

**ORDER**

Accordingly, for the reasons stated in the above memorandum opinion and order, the court ORDERS that:

1. Plaintiff's motion to alter and amend judgment is DENIED;
2. Plaintiff's motion for judgment as a matter of law is DENIED; and
3. Plaintiff's motion for a new trial is DENIED.

IT IS SO ORDERED.

Dated:   May 18, 2005            /s/ Anthony W. Ishii
0m8i78                           UNITED STATES DISTRICT JUDGE